UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSEPH PEREZ, on behalf of himself and others similarly situated,<br><br>          Plaintiff - Appellant,<br><br>  v.<br><br>SAFELITE GROUP INC,<br><br>          Defendant - Appellee. | No. 12-55657<br><br>D.C. No. 2:10-CV-08653-RGK-FFM<br>Central District of California,<br>Los Angeles<br><br><br>ORDER AMENDNG MEMORANDUM DISPOSITION AND DENYING PETITION FOR REHEARING AND REHEARING EN BANC |

Before: D.W. NELSON, WARDLAW, and RAWLINSON, Circuit Judges.

The Memorandum Disposition filed January 21, 2014, is amended as

follows:

At page two, the first sentence of the second paragraph is deleted and the following

is inserted in its place:

> The district court's denial of Perez's extension of time requests as
> well as its failure to set an initial scheduling conference effectively denied
> Perez the opportunity to engage in precertification discovery, which
> constitutes an abuse of discretion.

"First," the beginning word of the second sentence of the same paragraph is

deleted, and the sentence now begins with:

The

At page three, the first word of the first full sentence, "Second," is deleted and replaced with:

Further

With these amendments, the members of the panel that decided this case voted unanimously to deny the petition for rehearing. Judges Wardlaw and Rawlinson voted to deny the petition for rehearing en banc. Judge Nelson recommended denial of the petition for rehearing en banc.

The full court has been advised of the petition for rehearing en banc and no judge has requested a vote on whether to rehear the matter en banc. Fed. R. App. P. 35.

The petition for rehearing, and the petition for rehearing en banc, are DENIED.

**No further petitions shall be entertained.**

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 07 2014



MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSEPH PEREZ, on behalf of himself and others similarly situated,<br><br>     Plaintiff - Appellant,<br><br> v.<br><br>SAFELITE GROUP INC,<br><br>     Defendant - Appellee. | No. 12-55657<br><br>D.C. No. 2:10-CV-08653-RGK-FFM<br><br><br>AMENDED MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted December 5, 2013
Pasadena, California

Before: D.W. NELSON, WARDLAW, and RAWLINSON, Circuit Judges.

 Joseph Perez appeals from the district court's denial of his class certification motion. We have jurisdiction under 28 U.S.C. § 1291, and we vacate the denial of class certification and remand for further proceedings.

---

  [*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Perez, wishing to engage in discovery prior to class certification, stipulated with Safelite to extend the class certification deadline. The district court denied the stipulation without reasoning. Perez then moved to continue the class certification deadline in order to engage in precertification discovery. The district court denied the motion without reasoning. Perez then filed a timely motion to certify the class, and again stated that precertification discovery was appropriate. The district court denied the class certification motion because there was insufficient evidence to establish the job duties performed by class members other than Perez. The district court did not address the need for precertification discovery.

The district court's denial of Perez's extension of time requests as well as its failure to set an initial scheduling conference effectively denied Perez the opportunity to engage in precertification discovery, which constitutes an abuse of discretion. The plaintiff in a class action "bears the burden of . . . showing that . . . discovery is likely to produce substantiation of the class allegations." *Mantolete v. Bolger*, 767 F.2d 1416, 1424 (9th Cir. 1985). Once this showing is made, it is an abuse of discretion to deny precertification discovery. *Id.* (citing *Doninger v. Pac. Nw. Bell, Inc.*, 564 F.2d 1304, 1313 (9th Cir. 1977)). Perez submitted documentation and testimony concerning his employment with Safelite, and has met his burden to show that discovery is likely to substantiate the class allegations

by showing that Perez's experiences are common to those of other employees with the same job title. Further, failing to allow precertification discovery where it is necessary to determine the existence of a class is an abuse of discretion. *Kamm v. Cal. City Dev. Co.*, 509 F.2d 205, 210 (9th Cir. 1975). The district court denied class certification because Perez did not have evidence about other employees with his job title, which shows that discovery is necessary to determine the existence of a class in this case. Perez is therefore entitled to precertification discovery on remand.

Perez's challenge to Central District of California Local Rule 23-3 is without merit because the timing of class certification is committed to the discretion of the district judge and Rule 23-3 allows extension of the 90-day certification deadline by order of the court. *See Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081, 1092-94 (9th Cir. 2011).

**VACATED** and **REMANDED.**